784

The People of the State of Illinois, Plaintiff-Appellee, *v.* Walter D. Miller, Defendant-Appellant.

(No. 12202;

Fourth District—March 7, 1974.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

No appearance for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

After a hearing, the trial court denied relief of defendant's amended post-conviction petition. He appeals.

Defendant was charged with theft over $150. On July 28, 1970, as the case was ready for trial, defendant, through retained counsel, requested leave to withdraw his plea of not guilty and to enter a plea of guilty. No question is raised on the court's admonitions at the time of accepting the plea.

While Supreme Court Rule 402 was not then in effect, the State's Attorney advised the court of a plea agreement wherein the prosecution would dismiss pending burglary and lesser charges against defendant, and recommend a sentence of 1½ to 6 years. Defendant was on probation following a conviction for burglary. The stated agreement also contemplated dismissal of a pending petition for revocation of such probation.

It is not contended that the prosecution failed to abide any term of the plea agreement as in *Santobello v. New York,* 404 U.S. 257, 30 L.Ed. 2d 427, 92 S.Ct. 495. There is no dispute that defendant directed the initiation of the plea negotiation and requested that counsel procure the best agreement possible.

Defendant's argument that the plea was coerced is specious. The record shows that counsel advised that even if an acquittal could be obtained in this case there was nothing that counsel could do to avoid a revocation of probation upon a prior burglary conviction. Here counsel had contested motions to dismiss the indictment and to suppress evidence. Such motions were overruled. The testimony indicates that de-

fendant instructed his attorney to negotiate the best deal that he could and the agreement for the dismissals for the various pending charges, and the sentence term was procured.

A female companion was a codefendant. In the plea negotiations defendant expressed a wish that the charges against her be dismissed if he pleaded guilty. Pursuant to the agreement, such charges were dismissed. Here, it is argued that the prosecution's agreement to dismiss the charges against the female companion was an invalid agreement and it is said that by the prosecution's acceptance of defendant's suggestions, he was placed under unnecessary and "gratuitous pressure" which as a matter of law amounted to coercion and made his plea involuntary. No authority is cited. The record shows that such portion of the negotiation was barely mentioned in defendant's testimony at the post-conviction hearing. It is clear that he was apprehensive of a sentence for burglary upon revocation of probation. The record shows no merit in the proposition that a party who negotiates a plea to escape several pending prosecutions may claim that his plea was involuntary.

The judgment is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.